UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAPA BERG, INC. and <br> JAMES D. PAPA <br> d/b/a PAPA HAYES MUSIC <br> d/b/a PAPA BERG PUBLISHING <br> d/b/a GRAND THEFT PRODUCTIONS, <br> d/b/a GRAND THEFT RECORDS, <br> d/b/a NABE NABE MUSIC <br> Plaintiff, <br><br> v. <br><br> WORLD WRESTLING <br> ENTERTAINMENT, INC., <br> STEPHANIE MUSIC PUBLISHING, <br> INC., MICHAEL SEITZ a/k/a MICHAEL <br> HAYES, and JAMES ALAN JOHNSTON, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Papa Berg, Inc. and James D. Papa d/b/a Papa Hayes Music d/b/a Papa Berg Publishing d/b/a Grand Theft Productions d/b/a Grand Theft Records d/b/a Nabe Nabe Music ("Papa" or "Plaintiffs") file this Original Complaint seeking declaratory relief and money damages from Defendants World Wrestling Entertainment, Inc., Stephanie Music Publishing, Inc., Michael Seitz a/k/a Michael Hayes, and James Alan Johnston (collectively, "Defendants") for a Declaration of Copyright Ownership, Copyright Infringement, Contributory Copyright Infringement, Unfair Competition, Tortious Interference with Existing and Potential Business Relations, Civil Conspiracy, and Money Had and Received. Plaintiffs also seek a preliminary and permanent injunction. In support of Plaintiffs' Original Complaint, Plaintiffs respectfully show the Court the following:

## I.  PARTIES

1. Plaintiff Papa Berg, Inc. is a Corporation formed under the laws of the state of Texas with its principal place of business at 1628 Canyon Oaks Drive, Irving, Texas 75061-2118.

2. Plaintiff James D. Papa (a/k/a Jimmy Papa) d/b/a Papa Hayes Music d/b/a Papa Berg Publishing d/b/a Grand Theft Productions d/b/a Grand Theft Records d/b/a Nabe Nabe Music is an individual who resides in Irving, Dallas County, Texas.

3. World Wrestling Entertainment, Inc. ("WWE") is a Corporation formed under the laws of the State of Connecticut with its principal place of business at 1241 E. Main Street, Stamford, Connecticut 06902-3520.  WWE may be served by serving its registered agent for service of process, C T Corporation at 350 North St. Paul St., Dallas, Texas 75201.

4. Defendant Stephanie Music Publishing, Inc. is a corporation formed under the laws of the State of Connecticut, which does not maintain a place of business or agent for service of process in the State of Texas.  This lawsuit arises out of Stephanie Music Publishing, Inc.'s substantial contacts with and damage done in Texas.  Therefore, in accordance with Texas Civil Practice and Remedies Code § 17.044(b), Defendant may be served with process by serving the Texas Secretary of State, who should forward this Original Petition and Citation to Defendant's President Vincent K. McMahon at Defendants' principal place of business located at 1241 E. Main Street, Stamford, Connecticut 06902. Service on Defendant as described above can be affected by certified mail, return receipt requested.

5. Defendant Michael Seitz a/k/a Michael Hayes is an individual whose address is unknown at this time.

6. Defendant James Alan Johnston is an individual whose address is unknown at this time.

## II.     JURISDICTION

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1338(b) as this case raises a Federal question in that this is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq.* and the Lanham Act, 15 U.S.C. § 1125(a), as described herein.

8. Plaintiff Papa Berg, Inc. is a Texas corporation.

9. Plaintiff James Papa is a citizen and resident of the State of Texas.

10. The Court has general and specific personal jurisdiction over Defendants because Defendants have established minimum contacts with the State of Texas and the Court's exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Defendants have engaged in continuous and systematic activities within the State of Texas and have purposefully availed themselves of the privileges and benefits of conducting business in Texas. Among other things, Defendants' improper acts and omissions in the State of Texas include, but are not limited to, the following: (i) knowingly and intentionally engaging in conduct reasonably certain to and which did actually cause injury to Plaintiffs in the State of Texas, including, but not limited to, improperly using Plaintiffs' intellectual property to the detriment of Plaintiffs in Texas and improperly re-registering Plaintiffs' music with BMI to obtain royalties rightly belonging to Plaintiffs; (ii) selling and causing to be sold, in the Northern District of Texas, through an established and foreseeable distribution channel, works infringing Plaintiffs' intellectual property; (iii) committing acts of infringement in the State of Texas, including improperly passing-off goods

and/or services in Texas; and/or (iv) creating confusion among consumers in Texas which caused damages to Plaintiffs in Texas.

## III.   VENUE

11.   The claims asserted herein arose in this judicial district and Defendants do business in this judicial district.  Venue in this judicial district is proper under 28 U.S.C §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## IV.   FACTUAL BACKGROUND

**1. Jimmy Papa Writes Influential Professional Wrestling-Related Music.**

12.   Plaintiff James Papa is a musician and songwriter who has operated under the names Papa Hayes Music, Grand Theft Productions, Grand Theft Records, and Nabe Nabe Music. Papa is also the sole officer and director of Papa-Berg, Inc.  Papa's musical works are registered with the Broadcast Music, Inc. ("BMI").  BMI collects license fees on behalf of songwriters, composers and music publishers and distributes them as royalties to those members whose works have been performed.

13.   Beginning in the early 1980s, Papa was a pioneer in the confluence of music and professional wrestling.  In October 1983, Papa and Defendant Michael Seitz a/k/a Michael Hayes co-wrote the song "Badstreet USA," which was recorded and made into a music video shortly thereafter.  The Badstreet USA video received substantial accolades and awards.  The song came to be used as the "entrance" music for wrestling stars, the Fabulous Freebirds, including Michael Hayes.  Papa had the song registered with BMI in November 1983.

14. Over the years, Papa wrote and co-wrote numerous songs used as professional wrestler entrance music or used in conjunction with professional wrestling events, including:

    a. Badstreet USA;
    b. Don't Step To Ron;
    c. Man Called Sting;
    d. Mr. Bang Bang;
    e. Master of the DDT;
    f. Freebird Forever;
    g. Simply Ravishing;
    h. Johnny B Badd;
    i. The Natural;
    j. The Dragon;
    k. He's Smokin; and
    l. Steinerized.

These songs are collectively referred to herein as the "Protected Works."

15. Many of these Protected Works were included on the album, Slam Jam I, released in 1992 in connection with the World Championship Wrestling organization. Under his agreement with the World Championship Wrestling organization, Papa retained all publishing rights to the Protected Works on the Slam Jam I album. These rights were later transferred to Plaintiff Papa-Berg, Inc.

**2. THQ Contacts Papa to use Badstreet USA in the Legends of Wrestlemania Videogame.**

16. A representative of videogame producer THQ, Julie Sessing, recently contacted Papa and expressed THQ's interest in using Papa's song, Badstreet USA, in connection with a wrestling videogame, "Legends of Wrestlemania." After initially making an offer to Papa for use of the song, Sessing emailed Papa to confirm his ownership of the song. Despite the fact that Papa, through his publishing company Papa-Hayes Music, had always been the only publisher of Badstreet USA, Sessing indicated that THQ's records showed the song to be owned by World Wrestling Entertainment ("WWE").

17. As a result of the confusion, Papa contacted BMI to ensure that Badstreet USA was properly registered to him and his companies. Upon his investigation, Papa learned that Badstreet USA had been improperly and erroneously reregistered by Defendants and been given a new registration number, resulting in the royalties being redirected to Defendants. Eventually, through working with BMI, Papa was able to correct the registration to properly reflect his ownership in the work. However, by the time the registration was corrected, THQ had decided not to use the song.

**3. Papa Learns His Music Has Been Improperly Re-registered by Defendants to Divert Royalties to Themselves.**

18. After learning that Badstreet USA had been improperly re-registered to divert royalties to Defendants, Papa began to investigate whether this had occurred with any of his other musical works. His investigation revealed a systematic pattern of errors and omissions by WWE personnel that effectively misappropriated Papa's musical works and deprived the Plaintiffs of royalty payments that would have been paid but for these errors and omissions.

19. Specifically, Defendants re-registered the Protected Works, completely omitting any reference to the fact that Papa is the work's creator and author, instead erroneously listing James Alan Johnston as the "Songwriter/Composer." Stephanie Music Publishing, Inc. is then erroneously listed as the work's publisher.

20. As just one example of this pattern of errors and omissions, Papa initially registered his work "Mr. Bang Bang," with BMI in connection with the Slam Jam 1 album, created in 1992, under registration number 1767007. Recently, as a result of his investigation, Papa discovered that Defendants re-registered his work with BMI under number 8636045, erroneously listing James Alan Johnston as the work's songwriter/composer and Stephanie Music Publishing, Inc. as

the work's publisher. Other re-registrations have identified Michael Seitz as the songwriter/composer of Protected Works.

21. Through these re-registrations, Defendants have wrongfully diverted royalty payments to themselves, effectively misappropriating Plaintiffs' rightful royalties in these works.

22. In addition to re-registering the Protected Works to divert Plaintiffs' royalties, the WWE has engaged in a systematic course of infringement of the Protected Works by using and licensing such works without right or authority to do so. Among other instances, the WWE has copied the Protected Works, including Badstreet USA, and has profited from such copying and improper use. The WWE used the work Badstreet USA and the Badstreet USA music video to promote a DVD entitled, "The Triumph and Tragedy of World Class Championship Wrestling."

23. The WWE also offers classic wrestling matches via a round-the-clock cable channel entitled "Classics Matches of Wrestling Channel." The Protected Works are repeatedly used, exhibited, played and/or performed in connection with the classic wrestling matches broadcast via this channel. However, the performance of the Protected Works is without authorization or appropriate license, and due to Defendant WWE's erroneous registrations and its failure to submit proper cue sheets to BMI, Plaintiffs have not received any payment or royalties in connection with these performances.

24. Moreover, Plaintiffs have learned that many of their Protected Works are being used as ring tones for cell phones. This too is without Plaintiffs' authorization or appropriate license, and due to Defendant WWE's erroneous BMI registrations, Plaintiffs have not received any payment or royalties in connection with these ring tones.

25. As a result of these errors and omissions by the Defendants, and other willful acts of infringement, Plaintiffs bring the following claims.

## V. CAUSES OF ACTION

**COUNT ONE: DECLARATORY JUDGMENT OF COPYRIGHT OWNERSHIP.**

26. The preceding paragraphs are hereby re-alleged and incorporated by reference as though set forth in their entirety.

27. Papa created the Protected Works and Plaintiffs have filed U.S. Copyright Registrations with respect to the Protected Works. As such, Plaintiffs own the Protected Works and all derivative works and are thus entitled to the exclusive rights granted under 17 U.S.C. § 106.

28. Defendants dispute Plaintiffs' ownership of the Protected Works. Defendants claim that they conceived the Protected Works and are the owners of the Protected Works.

29. Plaintiffs seek a declaration that they are the rightful owners of the Protected Works and seeks a declaration that Defendants do not have any copyright or other ownership interest in the Protected Works, other than Michael Seitz's interest as a co-writer of "Badstreet U.S.A."

30. Plaintiffs seek an award of their costs and attorneys' fees.

31. Plaintiffs seek any further relief to which they may be entitled at law or in equity.

**COUNT TWO: COPYRIGHT INFRINGEMENT.**

32. The preceding paragraphs are hereby re-alleged and incorporated by reference as though set forth in their entirety.

33. Papa developed the Protected Works and they are copyrightable subject matter under the laws of the United States.

34. Plaintiffs complied in all respects with the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and with all other laws governing copyrights. Plaintiffs are the sole proprietors of all rights, title, and interest in and to the copyrights in the Protected Works, other than Michael Seitz's interest as a co-writer of "Badstreet U.S.A."

35. After Papa's creation of the Protected Works, Defendants, in violation of 17 U.S.C. §§ 501 *et seq.*, infringed the Protected Works by manufacturing, selling, and/or distributing items containing exact copies or substantially similar copies of the original recordings or derivative recordings of the Protected Works.

36. Defendants were aware or had reason to believe that its reproduction, distribution, and sale of the Plaintiffs' Protected Works (or of its preparation of derivative works based on the Protected Works) and works substantially similar to the Protected Works, constituted an infringement of Plaintiffs' copyright.

37. Defendants' aforementioned infringements of Plaintiffs' Protected Works have caused to suffer irreparable injury to Plaintiffs that will continue unless Defendants is enjoined from further infringements.

38. Defendants willfully infringed Papa's copyright in the Protected Works in violation of 17 U.S.C. § 504(c).

39. Papa notified Defendants that Defendants have infringed Papa's copyright interests and other rights in the Protected Works, but Defendants have continued to infringe the copyrights.

40. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to an injunction against Defendants preventing further infringement of their copyrights in the Protected Works.

41. Moreover, pursuant to 17 U.S.C. § 503, Plaintiffs are entitled to an order impounding and destroying all unauthorized copies of the Protected Works by Defendants.

42. Plaintiffs are entitled to damages and profits through 17 U.S.C. § 504 including, without limitation, statutory damages, actual damages, Defendants' ill-gotten profits, and Plaintiffs' lost profits. In order to determine the full extent of these damages, Plaintiffs request a full accounting of Defendants' operations.

43. Plaintiffs are entitled to costs and attorneys' fees pursuant to 17 U.S.C. § 505.

44. Plaintiffs are entitled to an order requiring seizure and forfeiture of all infringing articles pursuant to 17 U.S.C. § 509.

45. Plaintiffs are entitled to all other relief available under the copyright statute and common law for infringement, including enhanced damages.

**COUNT THREE: CONTRIBUTORY COPYRIGHT INFRINGEMENT**

46. The preceding paragraphs are hereby re-alleged and incorporated by reference as though set forth in their entirety.

47. Defendants used and copied the Protected Works without Plaintiffs' permission.

48. Defendants' use and copying of the Protected Works was done so that Defendants could improperly misappropriate, for their own profit and advantage, the Protected Works.

49. Defendants induced, participated, and aided and abetted in, and profited from, the copying and infringement of the Protected Works.

50. Defendants copied or aided and assisted in the copying, exhibiting and performing of the Protected Works in various media without permission of Plaintiffs, which is an infringement of Plaintiffs' copyrights in the Protected Works.

51. By reason of Defendants' acts of copyright infringement, Plaintiffs are entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with their manufacturing, importing, advertising and sales of the infringing works, which are copies of the Protected Works.

**COUNT FOUR: UNFAIR COMPETITION.**

52. The preceding paragraphs are hereby re-alleged and incorporated by reference as though set forth in their entirety.

53. This action for unfair competition is substantially related to Defendants' infringement of Plaintiffs' copyrights and pursuant to 28 U.S.C. § 1338(b), the Court has and should assume pendent jurisdiction of this claim.

54. Through trickery and deceit, Defendants deliberately acquired the means to compete with Plaintiffs through Defendants' misappropriation of the Protected Works and improper registration of those works with BMI. In doing so, Defendants sought to benefit and have unfairly benefited form the wrongful actions set forth herein. Plaintiffs have a vested interest in keeping the Protected Works available for authorized use only. Defendants have profited at the expense of Plaintiffs without consent, justification, privilege or excuse, and have wrongfully received the benefits of Plaintiffs' time, effort, labor, skill and expense to which Defendants are not entitled.

55. Defendants, by their unauthorized appropriation and use of the Protected Works, have engaged and are engaging in acts of unfair competition, unlawful trading on Plaintiffs' goodwill, all to Plaintiffs' irreparable damage.

56. The foregoing conduct of Defendants constitutes an unfair method of competition.

57. As a consequence of the foregoing, Plaintiffs have suffered and will continue to suffer irreparable harm and loss.

**COUNT FIVE: TORTIOUS INTERFERENCE WITH EXISTING AND POTENTIAL BUSINESS RELATIONSHIPS.**

58. Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

59. The Defendants committed unlawful acts, as detailed in other counts of this petition, to further the object of the combination and to further the course of action undertaken by the combination, including willful copyright infringement and the improper re-registration of the Protected Works.

60. As a direct and proximate result of the Defendants' wrongful acts, Papa's potential business relationships with third parties such as THQ, who were seeking to license the Protected Works, were prevented from occurring.

61. Papa has sustained substantial injury for which he seeks appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, costs of court, and exemplary damages in a sum within the jurisdictional limits of the Court. Due to the deliberate, willful, and malicious nature of Defendants' actions, Papa seeks and is entitled to recover exemplary damages from the Defendants.

**COUNT SIX: CIVIL CONSPIRACY.**

62. Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

63. By working in concert at Plaintiffs' expense, Defendants James Alan Johnston, the WWE, Michael Seitz, and Stephanie Music Publishing, Inc., became members of a combination that sought to achieve an unlawful purpose and to achieve lawful purposes by unlawful means, which has included willful copyright infringement and misappropriation, the improper re-registration of Plaintiffs' Musical Works in Defendants' names, and tortious interference with existing and potential business relations.

64. As members of this combination, Defendants had a meeting of the minds on the object of this combination and on the course of action that they were undertaking.

65. The Defendants committed unlawful acts, as detailed in other counts of this petition, to further the object of the combination and to further the course of action undertaken by the combination, including willful copyright infringement and the improper re-registration of the Protected Works.

66. As a direct and proximate result of the Defendants' wrongful conspiracy and the related wrongful acts, Plaintiffs have sustained substantial injury for which they seek appropriate judicial relief including, but not limited to, the recovery of actual and special monetary damages (including compensatory and consequential damages), interest, costs of court, and exemplary damages in a sum within the jurisdictional limits of the Court. Due to the deliberate, willful, and malicious nature of Defendants' actions, Plaintiffs seek and are entitled to recover exemplary damages from the Defendants.

**COUNT SEVEN: MONEY HAD AND RECEIVED.**

67. Plaintiffs incorporate and reallege the matters set forth in the preceding paragraphs as if set forth at length.

68. As a result of the erroneous cue sheets and erroneous registrations of the Protected Works with BMI, the Defendants were paid, and now hold money from the royalties paid on the sale of DVDs, the sale of computer games, the sale or licensing of ring tones, and the broadcasts of cable television shows and on-demand programming, all of which contained the Protected Works.

69. The money held by the Defendants belongs to the Plaintiffs because the Plaintiffs hold rights of authorship and publishing rights in these Protected Works that would, in equity and good conscience, entitle Plaintiffs to the royalties represented by the money held.

70. Plaintiffs seek and are entitled to recover the money held by the Defendants from the payment of royalties on the Protected Works, together with prejudgment and postjudgment interest on the money.

71. Because the payment of the royalties at issue was the result of fraudulent registrations filed with BMI, Plaintiffs also seek exemplary damages.

## VI.     REQUEST FOR PRELIMINARY INJUNCTION

72. Defendants' conduct has caused and is causing Plaintiffs incalculable harm. Plaintiffs seek a preliminary and permanent injunction to halt Defendants' use of Plaintiffs' copyrighted materials.

73. With respect to Plaintiffs' Request for Preliminary Injunction Plaintiffs ask the Court:

   a. For an order preliminarily and permanently enjoining the Defendants, and their agents, servants, attorneys, and employees and all other persons

acting in concert with them from committing any further acts of infringement, including but not limited to, copying, manufacturing, importing, advertising, selling and distributing the infringing works, or aiding or abetting or assisting others in such infringing activities; and

b. For an order directing Defendants to file with this Court and to serve on Plaintiffs within 30 days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction and order of the Court;

## VII.  DEMAND FOR TRIAL BY JURY

74. Plaintiffs hereby demand a trial by jury on all issues raised by the Complaint.

## VIII.  REQUEST FOR RELIEF

75. With respect to Plaintiffs' Request for Relief, Plaintiffs ask the Court:

a   For a judgment of actual damages against Defendants in an amount to be proven at trial or in the alternative a reasonable royalty, and for prejudgment and post-judgment interest until the award is fully paid;

b. For a judgment that Defendants have willfully and deliberately infringed Plaintiffs rights, and that this is an exceptional case entitling Plaintiffs to enhanced damages, and awarding exemplary and punitive damages;

c. That Plaintiffs be granted costs, disbursements, and reasonable attorney fees, as available under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and any other applicable statutes;

d. For an order seizing and impounding all infringing works;

e. That Defendants account to Plaintiffs for their damages sustained by plaintiffs arising from the foregoing acts of infringement and false representation;

f. That in accordance with such accounting, Plaintiffs be awarded judgment for three times such profits and damages pursuant to 15 U.S.C. § 1117; and

g. For such other and thither relief as this Court deems just and proper.

By: _____
     Mark Taylor
     State Bar No. 00792244
     Peyton J. Healey
     State Bar No. 24035918

**POWERS TAYLOR LLP**
8150 North Central Expressway, Suite 1575
Dallas, Texas 75206
214.239.8900 - Phone
214.239.8901 - Facsimile

**ATTORNEYS FOR PLAINTIFFS**