UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAPA BERG INC, ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2406-B |
| | § | |
| WORLD WRESTLING | § | |
| ENTERTAINMENT INC, et al., | § | |
|     Defendants | § | |

## SCHEDULING ORDER

### I. SUMMARY OF CRITICAL DATES

| | |
|---|---|
| Deadline for Motions for Leave to Join Parties or Amend Pleadings (¶ 2) | July 31, 2013 |
| Plaintiff's Expert Designation & Report (¶ 4 a.) | February 28, 2014 |
| Defendant's Expert Designation & Report (¶ 4 b.) | March 31, 2014 |
| Rebuttal Expert Designation (¶ 4 c.) | 30 days after disclosure made by other party |
| Deadline for Expert Objections (¶ 4 d.) | July 22, 2014 (but not before Dispositive Motions deadline) |
| Deadline for Completion of Mediation (¶ 6) | October 31, 2013 (Joint report naming mediator due July 15, 2013) |
| Deadline for Dispositive Motions (¶ 3) | May 16, 2014 |
| Deadline for Completion of Discovery (¶ 5) | January 31, 2014 |
| Deadline for Pretrial Disclosures and Objections (¶ 7) | August 11, 2014 Objections due 14 days thereafter |
| Deadline for Pretrial Materials (pretrial order etc.) (¶ 8) | September 01, 2014 |
| Exchange of Exhibits (¶ 9) | Two days prior to the pretrial conference |
| Pretrial Conference (¶ 11) | September 19, 2014 at 10:00 AM |
| Trial Date (¶ 1) | September 22, 2014 |

## II. SCHEDULING INSTRUCTIONS

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case:

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this Court must be observed.

> **Please note that the Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes that the parties thoroughly discussed scheduling issues prior to submitting their status report and that the parties understand that the deadlines imposed in this Order are firmly in place, absent the few exceptions set forth below.**

1. **Trial Date:** This case is **set for trial** on this Court's four-week docket beginning **September 22, 2014**. Counsel and the parties shall be ready for trial on **two (2) days'** notice at any time during this four-week period. Any potential conflicts must be called to the attention of the Court **in writing** within **ten (10) days** from the date of this Order.

2. **Joinder of Parties or Amendment of Pleadings:** By **July 31, 2013**, all motions for leave to **join** additional parties or **amend** pleadings shall be filed. The parties must comply with Fed. R. Civ. P. 15(a).

3. **Dispositive Motions:** By **May 16, 2014,** all motions that would dispose of all or any part of this case (including motions for **summary judgment**) shall be filed.

4. **Experts:**

    A. **Designation of Expert(s) by Plaintiff:** Unless otherwise permitted by the Court, the plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial for the plaintiff and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure, on or before **February 28, 2014.** (Unless otherwise noted, all references to Rules in this Order shall refer to the Federal Rules of Civil Procedure.)

    B.    **Designation of Expert(s) by Defendant or Third Party:** Each defendant or third party shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **March 31, 2014**.

    C.    **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) shall be made within **thirty (30) days** after the disclosure made by the other party.

    D.    **Challenges to Experts:** The parties are directed to file any objections to, or motions to strike or exclude expert testimony (including Daubert Motions), no later than **July 22, 2014**. Absent leave of court granted for unique circumstances, *Daubert* motions and other expert objections should not be filed before **May 16, 2014**.

**5.** **Completion of Discovery:** By **January 31, 2014**, all discovery -- including discovery concerning expert witnesses -- shall be completed. The parties generally may agree to extend this discovery deadline, provided (i) the extension does not affect the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates; and (ii) written notice of the extension is given to the Court. However, the Court always retains the right to reject an agreed extension if it finds that the parties are failing to move the case expeditiously.

**6.** **Mediation:** The parties shall file a Joint Report informing the Court of their choice of an agreed-upon mediator or of their inability to agree upon a mediator 35 days from the date of this order. In the event the parties are unable to agree upon a mediator, the Court will appoint one for them. At that time, a separate Mediation Order will be issued, discussing the guidelines and requirements of the mediation. The parties will be required to mediate their case by **October 31, 2013**.

**7.** **Pretrial Disclosures and Objections:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A)(i)-(iii) by **August 11, 2014** . Within **fourteen (14) days thereafter**, a party must serve and file a list disclosing any Objections,

together with the supporting grounds, to: (1) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (2) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A) (i),[1] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause. Responses to Objections, if any, should be filed within fourteen (14) days of the date of the filing of the Objections.

8. **Pretrial Materials:** By **September 01, 2014**, the following pretrial materials shall be filed:

   A. **Joint Pretrial Order:** A joint pretrial order shall be submitted by the Plaintiff's attorney, which covers each of the matters listed in Local Rule 16.4 and states the estimated length of trial and whether the case is jury or non-jury. Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is not an excuse for submitting separate pretrial orders. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney shall submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the court can impose sanctions, if appropriate). When the joint pretrial order is approved by the Court, it will control all subsequent proceedings in this case.

   B. **Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than TEN (10) discrete topics (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule 7.1 will help to narrow issues that are *actually* in dispute) Motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues will be stricken**.**

   C. **Jury Instructions:** Requested jury instructions (annotated)[2] shall be filed by each party. Each party shall also send a Word or WordPerfect version to Boyle_Orders@txnd.uscourts.gov.

---

[1] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A)(i) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

[2] "Annotated" means that *each* proposed instruction or conclusion of law shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed

D.  **Proposed Findings of Fact and Conclusions of Law (annotated):**[3] In a non-jury case, proposed findings of fact and conclusions of law shall be filed by each party having the burden of persuasion on an issue. Within **five (5) days** thereafter, any opposing party shall serve its proposed findings and conclusions (annotated)[4] on that issue, numbered in paragraphs corresponding to those earlier filed. (Modification of Local Rule 52.1).

E.  **Voir Dire:** The parties shall file any proposed voir dire questions, which they desire that the Court ask during its examination of the jury panel.

F.  **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed if a party believes it would help the Court. The briefing should utilize Fifth Circuit and/or Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines in this order regarding pretrial materials are dates for **filing** or **delivery**, **not mailing** dates.

9.  **Pretrial Conference:** A pretrial conference in the case is set for **September 19, 2014, at 10:00 a.m.** Lead counsel for each party must attend, or, if the party is proceeding *pro se*, the party must attend. FED. R. CIV. P. 16 (e). Lead counsel and *pro se* parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be heard at that time, and procedures for trial will be discussed. At the final pretrial conference, it should be possible to assign the specific date for trial during the four-week docket. Telephone calls about the probable trial date prior to the final pretrial conference will not likely be beneficial to counsel or the court staff.

---

instruction or conclusion of law without citation to supporting authority. The parties should -- to the extent possible -- rely on the Fifth Circuit pattern instructions, or in their absence, Fifth Circuit and Supreme Court cases, in proposing jury instructions.

[3] *See* n. 2.

[4] *See* n. 2.

**By no later than two days before the Pretrial Conference, the following final pretrial materials shall be submitted.** Given that these materials are due very shortly before the trial date, these final pretrial materials should reflect the parties' best efforts to determine those exhibits, witnesses, and deposition designations they are most likely to actually use at trial and to reach agreement on the admission of that evidence.

    A.    **Exchange of Exhibits**: Counsel for each party intending to offer exhibits shall exchange a complete set of marked exhibits (including demonstrative exhibits) with opposing counsel and shall deliver a set of marked exhibits to the Court's chambers (except for large or voluminous items that cannot be easily reproduced). The documents or things to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list and shall identify the party submitting the exhibit. (Modification of Local Rule 26.2(a)).

    B.    **Witness Lists:** A **list of witnesses** shall be filed by each party -- which divides the persons listed into groups of "**probable witnesses**," "**possible witnesses**," "**experts**," and "**record custodians**" and which provides:

        **(i)**    the **name and address** of each witness;

        **(ii)**    a **brief narrative summary** of the testimony to be covered by each witness;

        **(iii)**    whether the witness has been **deposed;** and

        **(iv)**    the **expected duration** of direct or cross-examination of the witness.[5]

    (Modification of Local Rule 26.2(b)).

    C.    **Exhibit List and Deposition Testimony Designations:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions to be offered at trial shall be filed by each party. **The Court expects the parties to confer and agree to admit the majority of their exhibits and deposition**

---

[5] Pursuant to Rule 16(c)(15) and Section VII of the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan, the Court may impose a reasonable limit on the time allowed for presenting evidence in this case. *See* Commentary - 1993 Amendment to the Federal Rules of Civil Procedure (court should ordinarily impose time limits only after receiving appropriate submissions from the parties).

**designations prior to trial.** The Court also expects the parties to cooperate in the preparation of the written statements referenced below.

The list of exhibits shall describe with specificity the documents or things in numbered sequence and shall be accompanied by a written statement, signed by counsel for each party and state that, as to each exhibit shown on the list,

**(i)** the parties agree to the admissibility of the exhibit; or

**(ii)** the admissibility of the exhibit is objected to, identifying the nature and legal basis of any objection to admissibility and the name(s) of the party or parties urging the objection.

Counsel for the party proposing to offer an exhibit shall be responsible for coordinating activities related to preparation of the written statement as to the exhibit the party proposes to offer. The Court may exclude any exhibit offered at trial unless such a statement regarding the exhibit has been filed in a timely manner.

Each party will be expected to present the list of that party's exhibits to which no objection will be lodged (pre-admitted) at the **pretrial conference**.[6] The parties should be prepared at the Pretrial Conference to identify for the Court, and to focus on, any outstanding objections to that evidence which they are most likely to use at trial (*e.g.*, by asking the Court to rule on objections to only the 20 most pertinent exhibits to be used out of the 200 exhibits submitted as part of the Pretrial Disclosures of paragraph 7 above).

10. <u>Settlement Conference and Status Report</u>:

   A. **Settlement Conference:** At least **ten (10) days** before the pretrial conference, the parties and their respective lead counsel shall hold a **face-to-face meeting** to discuss settlement of this case. Individual parties and their counsel shall participate **in person**, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this case, a representative of each insurance company providing such coverage, who shall have full authority to offer policy limits in settlement, shall be present at, and participate in, the meeting in

---

[6] This does not change the sequential manner in which each side should number its exhibits. In other words, a party should not separately number its exhibits into "objected to" and "unobjected to" categories.

- 7 -

       person, not by telephone or other remote means. At this meeting, the parties shall comply with the requirements of Local Rule 16.3.

    **B.**    **Joint Settlement Report:** Within **seven (7) days** after the settlement conference, the parties shall jointly prepare and file a written report, which shall be signed by counsel for each party, detailing the date on which the meeting was held, the persons present (including the capacity of any representative), a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement.

**11.**    <u>Modification of Scheduling Order:</u> As addressed above, this Order shall control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court**. FED. R. CIV. P. 16(b)(4). Any request that the **trial date** of this case be modified must be made (i) in writing to the Court; (ii) before the deadline for completion of discovery; and (iii) in accordance with the United States District Court for the Northern District of Texas Civil Justice Expense and Delay Reduction Plan ¶ V and Local Rule 40.1 (motions for continuance must be signed by the party as well as by the attorney of record).

**12.**    <u>Sanctions:</u> Should any party or counsel fail to cooperate in doing anything required by this Order, such party or counsel or both may be subject to sanctions. If the *plaintiff* does not timely file the required (or other) pretrial material, the case will be dismissed. If the *defendant/third party* does not timely file the required (or other) pretrial material, a default will be entered or the defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). Failure to list a witness, exhibit, or deposition excerpt as required by this Order shall be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses,

exhibits, or deposition excerpts for rebuttal shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

13. **Court Specific Filing Procedures:** The Court requires that courtesy copies of (1) dispositive motions (and accompanying briefs and appendices), and (2) any filings greater than twenty-five (25) pages in length be sent to Chambers. Proposed orders are **required** to be submitted with **EVERY** non-dispositive motion. Proposed orders must be submitted via e-mail in a WordPerfect or Word-compatible format as instructed in the CM/ECF system's "Proposed Orders" Event. The proposed orders must be e-mailed to: boyle_orders@txnd.uscourts.gov and include the case number and the document number of the referenced motion in the subject line.

14. **Inquiries:** Questions relating to this scheduling order or any other matters shall be directed to **Rod Reynolds** at **(214) 753-2748**. Questions regarding electronic notice or electronic case files shall be directed to the **Help Desk** at **1 (866) 243-2866**.

**SO ORDERED**.

**SIGNED:** June 6, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE