# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **PAPA BERG, INC.,** *et al.*, | |
| **Plaintiffs,** | |
| v. | **CIVIL ACTION NO. 3:12-cv-02406-B** |
| **WORLD WRESTLING ENTERTAINMENT, INC.,** *et al.*, | |
| **Defendants.** | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND BRIEF IN SUPPORT

Dated: August 21, 2013

Respectfully submitted,

/s/ Steven G. Schortgen
Steven G. Schortgen, *Lead Attorney*
 Texas State Bar No. 00794603
 steve.schortgen@klgates.com
Jennifer Klein Ayers
 Texas State Bar No. 24069322
 jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main Street, Suite 2800
Dallas, Texas  75201
214.939.5500
214.939.5849 *Facsimile*

Jerry S. McDevitt, *Pro Hac Vice*
 Pennsylvania Bar No. 33214
 jerry.mcdevitt@klgates.com
Curtis B. Krasik, *Pro Hac Vice*
 Pennsylvania Bar No. 81150
 curtis.krasik@klgates.com
**K&L Gates, LLP**
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
412.355.6500
412.355.6501 *Facsimile*

**ATTORNEYS FOR DEFENDANTS**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION .................................................................................................1

II.     ARGUMENT AND AUTHORITIES ...................................................................3

     A.      Plaintiffs' Attempt to Re-Assert Previously Dismissed Claims Violates the Court's 5/15/13 Order........................................................................................3

     B.      Plaintiffs' Proposed Amended Complaint Fails to Cure this Court's Lack of Personal Jurisdiction Over Seitz and Johnston. ..................................................5

     C.      Plaintiffs' Proposed Amended Complaint Fails to Cure the Insufficient Service On Seitz and Johnston. ...............................................................................9

     D.      Plaintiffs' Proposed Amended Complaint Fails to Cure the Court's Previous Grounds for Dismissing Their Contributory Copyright Infringement Claim. ........................................................................................9

III.    CONCLUSION ..................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Lee v. Allen*,
    32 F.3d 566 (5th Cir. 1994) ......................................................................................6

*McClure v. Turner*,
    481 F. App'x 167 (5th Cir. 2012) ............................................................................5

*Norman v. Apache Corp.*,
    19 F.3d 1017 (5th Cir. 1994) ..............................................................................3, 4

*Norwood v. Teather*,
    No. Civ.A. 3:04-CV-861-K, 2005 WL 723863 (N.D. Tex. March 28, 2005)..................6

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*,
    253 F.3d 865 (5th Cir. 2001) ....................................................................................8

*S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama*,
    315 F.3d 533 (5th Cir. 2003) ....................................................................................4

*Salem Radio Representatives, Inc. v. Can Tel Market Support Group*,
    114 F. Supp. 2d 553 (N.D. Tex. 2000) ......................................................................6

*Skidmore Energy, Inc. v. KPMG*,
    No. Civ.A.3:03-CV-2138-B, 2004 WL 2008514 (N.D. Tex. Sept. 3, 2004) ....................6

*Stuart v. Spademan*,
    772 F.2d 1185 n.11 (5th Cir. 1985) ..........................................................................6

*Valcho v. Dallas County Hosp. Dist.*,
    658 F. Supp. 2d 802 (N.D. Tex. 2009) ..................................................................4, 5

*Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*,
    Civil Action No. 3:09-CV-0605-D, 2009 WL 3645094 (N.D. Tex. Nov. 2, 2009) ...........6

**Federal Rules**

Fed. R. Civ. P. 12(b)(5) ....................................................................................................9

Fed. R. Civ. P. 15(a)(2) ....................................................................................................5

Fed. R. Civ. P. 16 ............................................................................................................4

Fed. R. Civ. P. 16(b)(4) ................................................................................................4, 5

Fed. R. Civ. P. 4 ..............................................................................................................9

**Other Authorities**

4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (Civil) §
    1069.4 (3d ed. 2004)................................................................................................6

Defendants World Wrestling Entertainment, Inc. and Stephanie Music Publishing, Inc. (collectively, "WWE") respectfully submit this response in opposition to Plaintiffs' Motion for Leave to Amend Complaint ("Motion for Leave") insofar as Plaintiffs' proposed Amended Complaint seeks to (a) re-assert claims against Defendants, Michael Seitz a/k/a Michael Hayes ("Seitz") and James Alan Johnston ("Johnston"), and (b) re-assert a contributory copyright infringement claim against WWE – each of which previously were dismissed pursuant to the Court's May 15, 2013, Memorandum Opinion and Order ("5/15/13 Order").[1] Dkt. 19.

## I.   INTRODUCTION

The Court's 5/15/13 Order, among other things, dismissed all claims against Seitz and Johnston for lack of personal jurisdiction and dismissed Plaintiffs' contributory copyright infringement claim against all Defendants. In doing so, the Court afforded Plaintiffs thirty days to attempt to re-plead any of the dismissed claims to overcome the grounds for dismissal stated in the Court's 5/15/13 Order. Plaintiffs made no attempt to re-plead such claims within the 30-day time limit. On July 31, 2013 – seventy-seven (77) days following entry of the 5/15/13 Order – Plaintiffs' filed the Motion for Leave belatedly seeking to file an amended complaint that, among other things, re-asserts the claims against Seitz and Johnston and the claim for contributory copyright infringement against WWE that were dismissed pursuant to the 5/15/13 Order.

Plaintiffs' Motion for Leave concedes that the assertion of these dismissed claims is untimely and prohibited under the Court's 5/15/13 Order. In an attempt to circumvent this

---

[1]      As the Court is aware, undersigned counsel also represented Messrs. Seitz and Johnston in moving to dismiss Plaintiffs' Original Complaint. While Messrs. Seitz and Johnston were completely dismissed from this lawsuit pursuant to the Court's 5/15/13 Order, the arguments set forth herein are asserted on behalf of Messrs. Seitz and Johnston in addition to WWE without prejudice to Messrs. Seitz and Johnston's continuing objection to this Court's lack of personal jurisdiction over them.

prohibition, Plaintiffs' new counsel makes the astounding assertion that Plaintiffs' prior counsel, Mark Taylor and Zachary Groover of Powers Taylor LLP, never advised Plaintiffs of the entry of the 5/15/13 Order or the 30-day time limit to attempt to re-plead any of the dismissed claims. *See* Brief in Support of Motion for Leave at 3.   To be sure, Plaintiffs' prior counsel did not attempt to re-plead any of the dismissed claims.   But the prudent decision not to waste the Court's and WWE's time with futile amendments – as Plaintiffs' Motion for Leave does now – does not mean that Plaintiffs' prior counsel improperly missed the Court's deadline.   On the contrary, WWE's counsel and Plaintiffs' prior counsel specifically discussed the possibility of filing an amended complaint during the parties' Rule 26(f) conference and in connection with filing the parties' Joint Motion to Clarify Defendants' Deadline to Answer or Otherwise Respond to Complaint, which expressly noted the 30-day deadline of the Court's 5/15/13 Order.   That Joint Motion expressly noted that as of the date of filing (May 29, 2013) "Plaintiffs have not yet determined whether they will amend their Original Complaint."   *See* Dkt. 21 at 2.   The record demonstrates, therefore, that Plaintiffs' prior counsel considered whether to re-plead the dismissed claims but evidently decided not to because the grounds for dismissal stated in the Court's 5/15/13 Order could not be overcome.   In reality, Plaintiffs' new counsel is simply second-guessing prior counsel's decision not to attempt to re-plead the dismissed claims.   To the extent that the conduct of Plaintiffs' prior counsel is germane to the resolution of Plaintiffs' Motion for Leave, WWE respectfully requests that Court require Plaintiffs' prior counsel to respond to the allegations of Plaintiffs' Motion for Leave before deciding whether to allow Plaintiffs' untimely amendment.

Despite the unfortunate accusations by Plaintiffs' new counsel against prior counsel, however, the claims against Seitz and Johnston and the claim for contributory copyright

infringement against WWE alleged in Plaintiffs' proposed Amended Complaint fail to cure the grounds for dismissal stated in the Court's 5/15/13 Order. Accordingly, the proposed amendments are futile as a matter of law and leave should be denied on that separate and independent basis.

## II.   ARGUMENT AND AUTHORITIES

### A.   Plaintiffs' Attempt to Re-Assert Previously Dismissed Claims Violates the Court's 5/15/13 Order.

The Court's 5/15/13 Order, among other things, dismissed all claims against Seitz and Johnston for lack of personal jurisdiction and dismissed Plaintiffs' contributory copyright infringement claim against all Defendants. The 5/15/13 Order further directed that:

> If Plaintiffs are able to replead any Counts to overcome all of the grounds stated herein for dismissal, they should do so by no later than thirty (30) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Plaintiffs replead, Defendants are hereby granted leave to file responses to Plaintiffs' synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calendar days of the repleading. No further briefing will be permitted.

As Plaintiffs concede, no re-pleading was filed within the 30-day time limit set by the Court. Plaintiffs' Motion for Leave was filed on July 31, 2013 – 77 days following entry of the 5/15/13 Order. Nor was the required synopsis provided to the Court. Plaintiffs' untimely Motion for Leave seeks to file an amended complaint that, among other things, re-asserts the claims against Seitz and Johnston and the contributory copyright infringement against WWE that were dismissed pursuant to the 5/15/13 Order.

"The decision to grant or deny a motion to amend pleadings is entrusted to the sound discretion of the district court." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In *Norman*, the Fifth Circuit affirmed the district court's denial of a motion for leave to amend where the district court afforded the plaintiffs the opportunity to amend "for a limited period of

time and [the plaintiffs'] amended complaint was not filed within those limits." *Id.* at 1022. Indeed, numerous cases in the Fifth Circuit, including, significantly, the two cases on which Plaintiffs rely in their Motion for Leave, have denied leave to amend a complaint after the deadline for amendment of pleadings had passed. *See S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama,* 315 F.3d 533, 537 (5th Cir. 2003) ("[W]e find no abuse of discretion in the district court's refusal to grant leave to amend."); *Valcho v. Dallas County Hosp. Dist.*, 658 F. Supp. 2d 802, 815 (N.D. Tex. 2009) ("[T]he court denies [plaintiff's] motion for leave to amend the pleadings . . . ."). This reasoning applies equally here to Plaintiffs failure to re-plead within the 30-day time limit under the Court's 5/15/13 Order.

Conceding their noncompliance with the 5/15/13 Order, Plaintiffs argue that their Motion for Leave to re-plead the time-barred claims should be governed by the "good cause" standard of Rule 16(b)(4) of the Federal Rule of Civil Procedure applicable to modifications of case scheduling orders issued under Rule 16. The 5/15/13 Order, however, was not such a Rule 16 case scheduling order and there is no basis to apply Rule 16(b)(4) in these circumstances. As in *Norman*, the plaintiff's failure to amend within the time specifically allowed by the district court, without more, should be preclusive.

Assuming *arguendo* Rule 16(b)(4) applies, however, "[t]o meet the good cause standard, the party must show that, despite her diligence, she could not reasonably have met the scheduling order deadline." *Valcho*, 658 F. Supp 2d at 814. Plaintiffs' new counsel asserts that "Plaintiffs failed to re-plead as made available by this Court due to the sheer neglect of their previous counsel." Motion for Leave at 4. As described above, however, Plaintiffs' prior counsel was demonstrably aware of the 30-day time limit to re-plead under the 5/15/13 Order, as reflected in conversations with WWE's counsel in the context of the parties' Rule 26(f) conference and the

filing of the parties' Joint Motion to Clarify Defendants' Deadline to Answer or Otherwise Respond to Complaint.  As such, not re-pleading the dismissed claims against Seitz and Johnston and the contributory copyright infringement claim evidently was a conscious decision and not "sheer neglect" as Plaintiffs' new counsel asserts in hindsight.  Having consciously allowed the 30-day deadline to pass without re-pleading the dismissed claims, by definition, Plaintiffs cannot show that this deadline could not reasonably have been met despite diligence.

Regardless of the resolution of this issue, even if Plaintiffs satisfy the Rule 16(b)(4) "good cause" standard, the Court next must determine whether to grant leave to amend under Rule 15(a)(2).  *See Valcho,* 658 F. Supp. 2d at 814 ("If the movant satisfies the requirements of Rule 16(b)(4) , the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2).").  Among other reasons, leave to amend should be denied under Rule 15(a)(2) if the proposed amendment would be futile.  *McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012) (affirming district court's denial of leave to amend where amendment would be futile).  Here, Plaintiffs' proposed re-assertion of claims against Seitz and Johnston and re-assertion of the contributory copyright infringement claim are futile for the reasons that follow and, therefore, leave should be denied.

**B.      Plaintiffs' Proposed Amended Complaint Fails to Cure this Court's Lack of Personal Jurisdiction Over Seitz and Johnston.**

In its 5/15/13 Order, the Court concluded,

> while the Court has already determined that personal jurisdiction is proper as to WWE under a stream of commerce theory, Papa has not established through a *prima facie* case that Seitz or Johnston put the allegedly infringing works into the stream of commerce or specifically directed any conduct towards Texas.  Nor has Papa established that Papa's causes of action arose from any of Seitz's or Johnston's contacts with Texas.

5/15/13 Order at p. 16.  These conclusions remain equally true under the allegations of Plaintiffs' proposed Amended Complaint.

It is well-settled that in conducting a jurisdictional analysis, "[m]inimum contacts must be met as to each *defendant*." *Skidmore Energy, Inc. v. KPMG*, No. Civ.A.3:03-CV-2138-B, 2004 WL 2008514, at *7 (N.D. Tex. Sept. 3, 2004) (emphasis in original) (Boyle, J.); *see also Your Town Yellow Pages, L.L.C. v. Liberty Press, L.L.C.*, Civil Action No. 3:09-CV-0605-D, 2009 WL 3645094, at *7 (N.D. Tex. Nov. 2, 2009) (same); *Norwood v. Teather*, No. Civ.A. 3:04-CV-861-K, 2005 WL 723863, at *4 (N.D. Tex. March 28, 2005) (same); *Salem Radio Representatives, Inc. v. Can Tel Market Support Group*, 114 F. Supp. 2d 553, 557 (N.D. Tex. 2000) (same).  The Court, therefore, must independently evaluate the minimum contacts of each defendant to the forum.  *Skidmore Energy*, 2004 WL 2008514, at *7; *Your Town Yellow Pages*, 2009 WL 3645094, at *7.

In the independent evaluation of each defendant's minimum contacts, the contacts of a corporation to a forum are not attributed to the corporation's employees.  *See Lee v. Allen*, 32 F.3d 566, at *3-4 (5th Cir. 1994) (finding lack of personal jurisdiction over individual defendants who were executives at corporate defendant Delta because "jurisdiction over the employees of a corporation may not be predicated on jurisdiction over the corporation itself, but must be based on their individual contacts with the forum state."); *Stuart v. Spademan*, 772 F.2d 1185, 1197 n.11 (5th Cir. 1985) ("[J]urisdiction over an individual cannot be predicated upon jurisdiction over a corporation."); *Skidmore Energy*, 2004 WL 2008514, at *7 (quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure (Civil) § 1069.4 (3d ed. 2004) ("[P]ersonal jurisdiction over individual officers and employees of a corporation may not be predicated on the federal court's jurisdiction over the corporation itself . . . .")).

With regard to this Court's alleged personal jurisdiction over Seitz, Plaintiffs' tardy allegations, at best, concern (i) Seitz's alleged involvement with Papa in Texas in creating

"Badstreet USA" and the other songs identified in the proposed Amended Complaint as Plaintiffs' alleged copyrighted works; (ii) entering into alleged agreements with Papa in Texas with respect to an album entitled "Slam Jam I" compiling certain of Plaintiffs' alleged copyrighted works by Turner Music Publishing; (iii) the publication of "Slam Jam I" by Turner Music Publishing; and (iv) using "Badstreet USA" as the entrance music of Seitz's tag team known as "The Freebirds" for live performances in Texas with World Class Championship Wrestling, World Championship Wrestling, and World Wrestling Entertainment.  While more specific, the allegations of the proposed Amended Complaint do not substantively change the record on which this Court correctly ruled that it lacked personal jurisdiction over Seitz.  As the Court noted in its 5/15/13 Order, Seitz submitted an affidavit in support of Defendants' Motion to Dismiss or, in the Alternative, Motion to Transfer Venue that stated, among other things,

- He co-wrote along with Papa "Badstreet USA" and all of the other entrance songs for wrestlers that are identified as "Protected Works."
- He sang lead vocals on the recording of "Badstreet USA."
- He commuted to Dallas generally for two-week blocks of time in the 1980s while he was wrestling for World Class Championship Wrestling as a member of the Freebirds tag team during which he stayed at Papa's home.
- He has not had any substantive contacts with Texas in the last 25 years.

The more specific allegations of the proposed Amended Complaint do not change, much less overcome, these salient facts that the Court previously considered and relied upon.  Despite Seitz's undisputed involvement in creating the "Protected Works," the fact remains that he has not had substantive contacts with Texas in the last 25 years and, in particular, Papa's causes of action do not arise from any of Seitz's minimal contacts with Texas.  Furthermore, by Plaintiffs' own admission, the Slam Jam I album allegedly was put into the stream of commerce by Turner Music Publishing, not Seitz.

As for Johnston, the allegations of the proposed Amended Complaint are even more scant and legally deficient.  The sole bases for the Court's alleged personal jurisdiction over Johnston are that he supposedly "created a new song that is a substantially similar derivate [sic] work of Badstreet USA" for WWE's Legends of Wrestlemania videogame and that he has registered over 2,400 songs with BMI, as a result of which he supposedly "has knowingly benefited from Texas' market for WWE music and related consumer goods."  In both circumstances, however, Johnston – in distinction to WWE – did not put any musical works into the stream of commerce or specifically direct any conduct towards Texas.  As a matter of law, WWE's distribution of consumer goods, including specifically the Legends of Wrestlemania videogame, into the stream of commerce cannot be imputed to Johnston and is irrelevant to the issue of this Court's personal jurisdiction over Johnston.  Once these irrelevant matters are excluded from the jurisdictional analysis, the Court's prior conclusion remains eminently correct that Papa has failed to establish "that Seitz or Johnston put the allegedly infringing works into the stream of commerce or specifically directed any conduct towards Texas.  Nor has Papa established that Papa's causes of action arose from any of Seitz's or Johnston's contacts with Texas5/15/13 Order at p. 16.

Moreover, the Court correctly ruled in its 5/15/13 Order that, absent evidence of purposeful availment, personal jurisdiction over Seitz or Johnston cannot be predicated "on plaintiff's residence in the state and the foreseeability of defendant's actions causing injury in Texas" under the *Calder* effects test.  5/15/13 Order at 16 (citing *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001)).  The allegations of the proposed Amended Complaint, once again, do not alter this correct ruling.

**C.    Plaintiffs' Proposed Amended Complaint Fails to Cure the Insufficient Service On Seitz and Johnston.**

In addition to dismissing the claims against Seitz and Johnston due to the Court's lack of personal jurisdiction, the Court's 5/15/13 Order separately granted Defendants' Motion to Dismiss against Seitz and Johnston pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. *See* 5/15/13 Order at 18-19. This defect has not been, and cannot be, cured. Indeed, the Court ruled in its 5/15/13 Order that "Papa has not shown good cause for his failure to serve the Individual Defendants [Seitz and Johnston]" within the time required by Fed. R. Civ. P. 4. *Id.* Thus, the Court declined "to extend the time for service on the Individual Defendants." *Id.* at 18. There certainly is no basis for the Court to change its ruling in this regard now, particularly in the absence of any valid justification offered in Plaintiffs' Motion for Leave. Such insufficient service of process, therefore, constitutes an independent reason for the futility of the proposed Amended Complaint, warranting the denial of Plaintiffs' Motion for Leave.

**D.    Plaintiffs' Proposed Amended Complaint Fails to Cure the Court's Previous Grounds for Dismissing Their Contributory Copyright Infringement Claim.**

In the 5/15/13 Order, the Court dismissed Plaintiffs' contributory copyright infringement claim because "[e]ven assuming Plaintiffs have adequately plead how each Defendant had knowledge of the infringing activity, the Complaint does not allege how Defendants either induced, caused, or materially contributed to infringing conduct of another. . . . Rather, Papa's claims in the Complaint appear to be based on the alleged acts of the Defendants that directly infringed Papa's copyrights." 5/15/13 Order at 22. This defect remains in Plaintiffs' proposed Amended Complaint.

According to Plaintiffs' Motion for Leave, the contributory copyright infringement claim against WWE is based on (i) "the creation of a derivate [sic] work substantially similar to Plaintiffs' Badstreet USA, the inclusion of the derivate [sic] work in the Legends of

Wrestlemania videogame, and the reproduction and distribution of the videogame throughout the country;" (ii) "WWE also approved the development of, and provided content for, a subsequent video game, WWE All-Stars . . . [that] included an exact copy of Plaintiffs' Badstreet USA in the 'Southern Charisma Pack;'" (iii) "WWE also approved the sale of cellular telephone ringtones" that infringed Plaintiffs' copyrighted works; and (iv) "WWE approved the creation and distribution of numerous WWE-related digital versatile [sic] disc (DVD), Blu-Ray format, streaming , and downloadable video products that included the unauthorized use, reproduction of Plaintiffs' copyrighted works." *See* Motion for Leave at 12–13. These are the same alleged acts that supposedly directly infringed Plaintiffs' copyrights. Thus, the basis for the Court's dismissal of Plaintiffs' contributory copyright infringement claim in the Original Complaint equally applies to the proposed Amended Complaint. As such, the proposed amendment is futile and should be denied.

## III.   CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Leave should be denied insofar as Plaintiffs' proposed Amended Complaint improperly seeks to re-assert claims against Defendants Seitz and Johnston and to re-assert a contributory copyright infringement claim against WWE.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that on August 21, 2013, a true and correct copy of Defendants' Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint was served on all counsel of record for the Plaintiffs via the Court's ECF/CM system.

*/s/ Steven G. Schortgen*
Steven G. Schortgen