# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| PAPA BERG INC., a Texas corporation, and James D. Papa d/b/a PAPA HAYES MUSIC d/b/a PAPA BERG PUBLISHING d/b/a GRAND THEFT PRDUCTIONS d/b/a GRAND THEFT RECORDS d/b/a NABE NABE MUSIC, d/b/a RED HOT MUSIC, <br><br> Plaintiffs, <br><br> v. <br><br> WORLD WRESTLING ENTERTAINMENT, INC., a Delaware corporation, STEPHANIE MUSIC PUBLISHING, a d/b/a of WORLD WRESTLING ENTERTAINMENT, INC., MICHAEL SEITZ, an individual, JAMES ALAN JOHNSTON, an individual, YUKE'S CO. LTD, a Japanese corporation, TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware corporation, and VE NEWCO, LLC d/b/a GAIAM VIVENDI ENTERTAINMENT, a Delaware limited liability company, <br><br> Defendants. | Civil Action No. 3:12-CV-2406-B |

## MOTION TO RECONSIDER MOTION TO WITHDRAW

COME NOW, J. Gregory Marks, counsel of record for Plaintiffs, and files this, his Motion to Reconsider the Motion to Withdraw as Attorney for Plaintiffs, and would show the Court as follows:

### 1.00    INTRODUCTION

1.01    Plaintiffs are PAPA BERG INC., a Texas corporation, and James D. Papa d/b/a PAPA HAYES MUSIC d/b/a PAPA BERG PUBLISHING d/b/a GRAND THEFT PRDUCTIONS d/b/a GRAND THEFT RECORDS d/b/a NABE NABE MUSIC d/b/a RED HOT

MUSIC.

Defendants are WORLD WRESTLING ENTERTAINMENT, INC., a Delaware corporation, STEPHANIE MUSIC PUBLISHING, a d/b/a of WORLD WRESTLING ENTERTAINMENT, INC., MICHAEL SEITZ, an individual, JAMES ALAN JOHNSTON, an individual, YUKE'S CO. LTD, a Japanese corporation, TAKE-TWO INTERACTIVE SOFTWARE, INC., a Delaware corporation, and VE NEWCO, LLC d/b/a GAIAM VIVENDI ENTERTAINMENT, a Delaware limited liability company.

1.02   Plaintiffs sued Defendants for copyright infringement.

1.03   Mr. Marks would ask the Court to reconsider his Motion to Withdraw. He filed his Motion to Withdraw because he has become a potential material fact witness. In particular, the Court currently has pending before it a Motion to Enforce Settlement Agreement filed by Defendants. That alleged settlement was negotiated through the mediator, Judge Jeff Kaplan. Judge Kaplan provided each side with a set of proposed settlement terms. Mr. Marks told the mediator that the Plaintiffs were in agreement with the terms outlined by Judge Kaplan. Mr. Papa is now claiming that Mr. Marks did not have his authority to accept the proposed settlement agreement.

1.04   There is a direct conflict between Mr. Marks and the Plaintiffs because Mr. Marks could be forced to testify against the Plaintiffs in the evidentiary hearing on the Motion to Enforce.

## 2.00   ARGUMENTS

2.01   There is good cause for this Court to grant the Motion to Withdraw because a conflict has arisen between this attorney and the Plaintiffs. Not only is this attorney a potential fact witness, he could be required to give testimony that could be detrimental to his clients. This conflict prevents the attorney from zealously representing the clients.

2.02    The court has ordered Mr. Marks to file a response to Defendants' Motion to Enforce Settlement Agreement on behalf of Plaintiffs. Such an order puts Mr. Marks in an ethical dilemma. In fact, Mr. Marks would not know how to begin preparing such a response given that he was the one who indicated that Plaintiffs were in agreement with the proposed settlement terms.

2.03    Once it became clear that Mr. Papa was not going to sign the settlement agreement and that the Defendants were going to file a Motion to Enforce, approximately 10 days ago, Mr. Marks requested that Mr. Papa sign the Motion to Withdraw. He has not signed it yet. Given Mr. Marks' conflict, it is unfair to Mr. Papa to delay the withdrawal. Mr. Papa should be allowed to have a zealous advocate represent his interest in the Motion to Enforce. Requiring Mr. Marks to prepare such a response not only places him in an ethical dilemma, it does not provide Mr. Papa with the best advocacy.

### 3.00    CONCLUSION

For this reason, J. Gregory Marks respectfully requests this court to grant his motion to withdraw as attorney for Plaintiffs.

Respectfully submitted,

**GUAJARDO & MARKS, LLP**

 /s/ J. Gregory Marks
**J. GREGORY MARKS**
Texas Bar No. 12994900
Guajardo & Marks, LLP
One Galleria Tower
13355 Noel Road, Suite 1370
Dallas, Texas   75240
Telephone:   (972) 774-9800
Facsimile:   (972) 774-9801
greg@guajardomarks.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's ECF system on the 10th day of July, 2014.

                  /s/ J. Gregory Marks
                  **J. GREGORY MARKS**

## CERTIFICATE OF CONFERENCE

    Pursuant to Local Rule 7.1, the undersigned counsel for Plaintiffs has conferred with counsel for Defendants and Defendants do not oppose this joint motion.

                  /s/ J. Gregory Marks
                  **J. GREGORY MARKS**